Stacker vs. Whitlock.

CASE 7—PETITION EQUITY—DECEMBER 11.

## Stacker vs. Whitlock.

*APPEAL FROM LYON EQUITY AND CRIMINAL COURT.*

The separate estate of a married woman, whether created before or since the adoption of the Revised Statutes, cannot be sold or encumbered but by an order of a court of equity, and only for the purpose of exchange and reinvestment for the same use as that of the original conveyance or devise.

Since the change in the law, she has no power to *charge* or *encumber* or dispose of her separate estate, for any purpose whatever, in any other mode than that prescribed by the statute.

P. D. YEISER, for appelllant, cited 16 *B. Mon.*, 374; 2 *Story's Eq.*, sec. 974; 1 *Blk.*, 443, *note* 42.

CHIEF JUSTICE STITES DELIVERED THE OPINION OF THE COURT:

In *Daniel vs. Robinson*, (18 *B. Mon.*, 306,) it was held that since the Revised Statutes went into effect a married woman, having a separate estate, even if created before that time, cannot sell or encumber such estate but by an order of a court of equity, and only then for the purpose of exchange or reinvestment.

This ruling was under the 17*th section of art.* 4, *chap.* 47, (*Stanton's edition, vol.* 2, *page* 28,) which declares, in substance, that such estates, thereafter created, shall not be alienated with or without the consent of the husband, and that such estates, theretofore created, shall not be sold or encumbered but by an order of a court of equity, and only for the purpose of exchange and reinvestment for the same use as that of the original conveyance or devise.

In that case the deed creating the separate estate was executed prior to the 1st July 1852, when the revision took effect. Here, however, the separate estate was created after that time, and the only question to be decided is, whether the restrictions of the section, *supra*, apply to estates of the latter as well as the former class.

That the restrictions apply to estates of both classes, and that the legislature so intended, is, in our opinion, obvious from

the entire section. There could have been no reason for any discrimination between them. The manifest object of the legislature was to protect the rights of married women, by securing their separate estates against their own improvidence, as well as against all improper influences which might be attempted to be exercised over them. And not only so, but likewise more completely to effectuate the object of the donor or grantor in their creation.

In the case of *Williamson vs. Williamson*, (18 *B. Mon.*, 385,) in which the section, *supra*, is considered, the court use the following language :

"Married women can still sell and convey their separate estate, but it must be done under the superintendence of a court of equity, and the proceeds must be invested for the same use as that contained in the conveyance or devise by which the estate was originally created." And further : "Since the change in the law a married woman has no power to *charge* or *encumber*, or dispose of her separate estate, for any purpose whatever, in any other mode than that prescribed by the statute."

The chancellor below seems to have taken this view of the section *supra*, and held that Mrs. Whitlock's separate estate in the land could not be subjected to the payment of appellant's debt.

Wherefore the judgment dismissing the petition is *affirmed*.