JUDQ-B BULLITT
delivered the opinion op the court:
In 1857, Mrs. Downing, a married woman, being the owner of land not her separate estate, joined her husband in selling it, and made provision in the conveyance that the proceeds should be invested in other property for her separate use. A part of the proceeds were accordingly invested in slaves, which were conveyed to a trustee for her separate use. Hanly & Co., afterward sold goods to her, as they allege, and as, in our opinion, the evidence shows, upon the faith and credit of her separate estate ; and brought this suit to subject said slaves to the payment of the account thus created.
They are entitled to relief, unless it is prohibited by the statute which declares, that, “if real or personal estate be hereafter conveyed or devised for the separate use of a married woman, or for that of an unmarried woman, to the exclusion of any husband she may thereafter have, she shall not alienate such estate, with or without the consent of any husband she may have ; but may do so when it is a gift, with the consent of the donor or his personal representative.” (R. S., chap. 47, art. 4, sec. 17.) The same section declares, that “such estates, heretofore created, shall not be sold or encumbered but by order of a court of equity.” In the case of Daniel, &c. vs. Robinson, (18 B. Mon., 301,) it was held that a separate estate, created before the statute, cannot be charged in' equity for any debt contracted by a married woman. And in the case of Stacker vs. Whitlock, (3 Met., 244,) it was decided that the same rule applies to separate estates created since the statute.
But where it was agreed, by an ante-nuptial contract between husband and wife, that she might hold her estate for her separate use, the statute was held not to apply. (Stites vs. *97 Bryan, Mss. opin., 1858, cited in 2 St. R. S., 32.) And it is contended, upon the authority of that case, that the statute is. inapplicable here, because the slaves were purchased by the wife with the proceeds of her land. We concede that, as contended by counsel, it can make no difference whether the property is secured to the wife’s separate use by ante-nuptial or post-nuptial settlement. The material difference between this case and that of Stitcs vs. Bryan consists in the form of the settlement. That case was not within the terms of the statute, because the estate had not been conveyed or devised for the separate use of the wife; her separate right was secured by her husband’s covenant; and a strained construction would have been required to bring the case within the statute. But here a strained construction would be required to take the case out of the statute. In the case of Stuart vs. Wilder (17, B. Mon., 55,) it was held that the statute prohibited the sale by a married woman of her separate estate, purchased with the proceeds of her inheritance, although the conveyance to her gave her power to dispose of it as if she were an unmarried woman.
The judgment dismissing the petition is affirmed.